**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ADRIAN L. HIXON,** | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION 08-0003-WS-B** |
| | ) |
| **JEFFERSON DAVIS COMMUNITY** | ) |
| **COLLEGE,** | ) |
| | ) |
|      **Defendant.** | ) |

**ORDER**

This matter comes before the Court *sua sponte*.

Plaintiff Adrian Hixon, proceeding *pro se*, filed the Complaint (doc. 1) on January 2, 2008, asserting causes of action against defendant Jefferson Davis Community College for racial harassment and retaliation, in violation of Title VII of the Civil Rights Act of 1964. A Service Order (doc. 3) entered in accordance with Local Rule 4.1(c) directed Hixon to file a notice describing his actions taken to effect service and the results thereof, in the event he had not successfully served defendant on or before February 19, 2008. Following the expiration of that deadline, Hixon filed neither proof of service (as required by the Service Order, Local Rule 4.1(a), and Rule 4(l), Fed.R.Civ.P.) nor the requisite notice of efforts made to perfect service pursuant to the Service Order. On that basis, the Court entered a Show Cause Order (doc. 4) ordering Hixon to show cause, on or before April 1, 2008, for his failure to comply with the terms of the Service Order. To date, Hixon has not responded to the Show Cause Order.

District courts possess inherent power to sanction errant litigants before them. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders."). These incidental, inherent powers unquestionably include the

power to dismiss an action for failure to prosecute.  *See In re Mroz*, 65 F.3d 1567, 1575 n.9 (11th Cir. 1995) (recognizing that power exists); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (same); *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 250-51 (2nd Cir. 2004) (reaffirming district judge's authority to dismiss actions for failure to prosecute and pointing out that such authority is an important tool for preventing undue delays and avoiding docket congestion); *see generally McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) ("The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion.").  Indeed, Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules."  *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken only as a last resort, when lesser sanctions would be inappropriate, and "only in the face of a clear record of delay or contumacious conduct by the plaintiff."  *McKelvey*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth*, 766 F.2d at 1535 (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant).  Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time."  *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Jones*, 709 F.2d at 1462 (affirming dismissal for failure to prosecute where plaintiff disregarded multiple court orders directing him to respond within a certain time); *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (recognizing that failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute); *Porter v. Guarino*, 223 F.R.D. 282, 284 (M.D.N.C. 2004)

-2-

(deeming dismissal for failure to prosecute appropriate where there was total non-cooperation by plaintiff's counsel, a history of delay, and prejudice to defendant).

Under the circumstances presented here, the Court finds that dismissal of this action without prejudice is the only appropriate sanction.  Plaintiff has undertaken no action whatsoever to prosecute his case since filing his Complaint more than three months ago.  He has disregarded the Service Order (doc. 3) and Local Rule 4.1(c).  He has ignored a Show Cause Order (doc. 4) issued by this Court more than three weeks ago.  In light of the foregoing, and the Court's determination that lesser sanctions will not suffice to remediate plaintiff's clear pattern of delay and non-compliance with court orders, this action is **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P., for failure to prosecute and failure to comply with orders of this Court.

DONE and ORDERED this 10th day of April, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE